UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:99-CR-49-1-F
No. 7:03-CV-24-F

| CLAUDE W. BELLAMY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter once again is before the court for ruling on Claude Bellamy's latest motion, styled "Motion Under F.R.A.P., Rule 10(A) 1 and (E) for the Correction or Modification of the Record" [DE-343]. Therein, Bellamy again claims that his § 2255 claim alleging Agent Ackley and other law enforcement officers lacked probable cause to search his home on January 2, 1998, and unlawfully seized a set of GM keys and a black-and-white checked jacket. He contends his Fourth Amendment claim challenging that warrantless search never has been addressed, and refers to his Response [DE-234] to the Government's Motion to Dismiss [DE-230] his 2003 § 2255 motion.

Bellamy initially challenged the search in a Motion to Suppress [DE-83] filed November 23, 1999. A hearing was conducted on January 21, 2000, on that and other pre-trial motions, and the motion to suppress was denied by order [DE-129] filed on February 3, 2000. The undersigned found as a fact at paragraph 11 therein that Claude Bellamy "freely agreed" to the search of his house.

On direct appeal, the Fourth Circuit Court of Appeals denied his challenge to the search, citing this court's order. "The district court concluded, and Claude no longer disputes, that he 'freely agreed to permit the officers to search his house, stating that they could look anywhere they wanted to look.' " *United States v. Bellamy*, No. 00-4662 (4th Cir. Jan. 22, 2002) [DE-218], p. 12. Bellamy raised the argument again in his § 2255 motion in a section entitled, "Ground II

'NO CONSENT TO SEARCH,' " [DE-223], pp. 4-6, and argued it in his Response [DE-234] in opposition to the Government's Motion to Dismiss [DE-230] in a section entitled, "PROBABLE CAUSE." *See id.*, pp. 11-14. This court's order [DE-248] allowing the Government's motion to dismiss Bellamy's § 2255 motion, contained the following as to Bellamy's Claims One and Two – Unconstitutional Search and Seizure and Non-consensual Search," respectively. Order [DE-248], p. 2:[1]

> Claims One, Two and Three concern law enforcement officers' visit to Claude's Little River, South Carolina, home on January 2,1998 – the date of the last bank robbery. FBI Agent Craig Ackley accompanied two Brunswick County, North Carolina Sheriffs detectives to Claude's home. Claude complains that although he invited the officers inside because it was raining, once inside, Agent Ackley improperly began asking questions and seeking consent to search the house. Then, Claude contends, without consent, Ackley and the detectives allegedly opened doors to closets, drawers and cabinets, and refused to leave when Claude ordered them out. During this visit, the officers seized a set of keys to a GM vehicle and a jacket. These items proved to be valuable evidence against the Bellamy brothers.
>
> Claude raised a similar claim in his direct appeal. However, the Fourth Circuit rejected his claim, noting that this court had determined in denying Claude's motion to suppress that Claude "freely agreed to permit the officers to search his house, stating that they could look anywhere they wanted to look." *Bellamy*, 26 Fed. Appx. at 260. Indeed, on appeal, Claude "no longer dispute[d] "the consensual nature of the search. *Id.* Nevertheless, the appellate court went on to analyze the claim, and determined that the key seizure was proper under the plain view doctrine. *See id.*
>
> The lawfulness of the search and seizure were raised both in a motion to suppress in the district court and on appeal in the Fourth Circuit Court of Appeals, and both courts ruled against his arguments. Even though Claude disputes the Government's version of the events, he may not re-litigate those claims on collateral review. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), *cert. denied*, 429 U.S. 863 (1976). He is entitled to no relief on either of Claims One or Two.

---

[1] Bellamy was referred to by his first name, Claude, to distinguish him from his two brothers who were his co-defendants and shared the surname "Bellamy."

*Id.* pp. 2-3 (footnote omitted). Bellamy appealed [DE-250] the order dismissing his § 2255 motion, but his appeal was dismissed. *See* [DE-263].

Bellamy began filing motions in this court to "reconsider." *See* [DE-268] (includes contention that search was unlawful). After this court's denial of relief, Bellamy appealed the ruling [DE-270], which appeal was dismissed [DE-279]. Less than twenty days later, Bellamy filed another request for relief from his conviction and sentence [DE-281] reiterating his position that the law enforcement officers lied at trial and were perpetrating a fraud on the court. That request was denied by order of June 30, 2010 [DE-284]. Bellamy appealed [DE-285] and the appeal was dismissed [DE-294]. Bellamy filed a petition for writ of appealability [DE-296] a week later, but it was denied by order [DE-297] on October 1, 2010. Bellamy appealed [DE-298], and the Fourth Circuit Court of Appeals dismissed the appeal [DE-307].

In a month, Bellamy filed another petition for writ of appealability [DE-312], which was denied by order of May 2, 2011 [DE-316]. Bellamy appealed [DE-318] and the court of appeals affirmed this court's judgment. *See* [DE-323]. Bellamy filed another petition for writ of appealability [DE-325], which was denied on August 24, 2011 [DE-328]. Bellamy filed a Motion for Reconsideration [DE-329], which was denied [DE-331] by order on August 8, 2011. Bellamy appealed [DE-333] and within a month, filed another Motion for Reconsideration [DE-336], which was denied by order of October 19, 2011 [DE-337]. On December 20, 2011, the court of appeals dismissed [DE-338] Bellamy's appeal [DE-333], and denied his petition for rehearing by order of February 22, 2012 [DE-341]. Bellamy filed the instant motion [DE-343] on March 6, 2012.

Neither the law or facts, nor this court's interpretation of them, has changed over the past eleven years concerning the evidence received during the hearing on Bellamy's motion to suppress arising from the consensual search of his home on January 2, 1998. His arguments concerning the constitutionality of that search have been addressed more than once by this court

and by the Fourth Circuit Court of Appeals. His repetitive frivolous motions and appeals will not change this court's ruling on the issue. It was determined more than a decade ago that the January 2, 1998, search of Claude Bellamy's house was by consent.

Bellamy's "Motion for Correction or Modification of the Record" [DE-343] is DENIED.

SO ORDERED.

This, the 12th day of March, 2012.

JAMES C. FOX
Senior United States District Judge